Forrest *v.* The State.

### SHIN FORREST *v.* THE STATE.

CRIMINAL LAW. *Murder. Objections after verdict.* The prisoner being indicted on a single count for the murder of two persons named, went to trial upon the merits, and when the testimony developed the fact that the killing of each of the two persons was by a separate blow in the same transaction, made no objection to the evidence, nor moved the court to compel the State to elect for which killing it would proceed. Held, that the objection of duplicity comes too late after verdict and judgment, and a motion in arrest of judgment will be of no avail.

#### FROM HENRY.

Appeal in error from the Circuit Court of Henry county. C. ADEN, J.

T. C. FRYER for Forrest.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

The prisoner has appealed in error from a judgment of conviction for the crime of murder in the first degree.

The indictment charges that the prisoner, on the first day of December, 1882, "unlawfully, feloniously, wilfully, deliberately, premeditatedly and maliciously did make an assault upon the body of one David Cruise and Jane Forrest, and they the said David Cruise and Jane Forrest he the said Shin Forrest, then and there did unlawfully, feloniously, wilfully,

deliberately, premeditatedly and of his malice afore-
thought, kill and murder." The prisoner went to
trial upon the plea of not guilty without making any
objection to the indictment. Upon the trial, the tes-
timony showed that Jane Forrest was the mother and
David Cruise the grandfather of the prisoner; that
they were all living together in the same house; and
that the prisoner killed them on the same night by
separate blows with an axe helve, they being in dif-
ferent parts of the house in bed. No motion was
made during the trial to compel the attorney-general to
elect for which offense he would try the prisoner. The
verdict of the jury was that "they find the defend-
ant guilty of murder in the first degree as charged
in the indictment, with possibly mitigating circum-
stances." The defendant moved the court for a new
trial and in arrest of judgment. It is now assigned
as error that the trial court overruled the motion to
arrest the judgment. And the argument is that the
indictment was bad for duplicity, and that the pris-
oner was tried for two offenses.

An indictment of only one count, in the above
form, against a defendant for the murder of two per-
sons would be good upon its face, for the murder
might have been committed on both in the same de-
gree, by one and the same act: *Kannon* v. *State,* 10
Lea, 390. This was the form of the indictment which
was held to be good upon its face in *Womack* v. *State,*
7 Cold., 508. A demurrer or motion to quash the
indictment for duplicity would not lie in such a case.
But the defendant, as was decided in that case, so

soon as the testimony developed the fact that the killing was by separate acts although on the same occasion, and at any time during the trial, had the right to compel the State to elect upon which homicide it would proceed. And if it further appeared from the evidence that the two offenses were of different grades, and that the joinder of them was prejudicial to the prisoner, the court should set the verdict aside, and it would be error not to do so: *Kannon* v. *State*, 10 Lea, 386. In the case before us, the record leaves no doubt that the two crimes with which the prisoner stands charged and convicted were of the same grade. If the State chose to pursue the defendant for only one crime instead of for two crimes, it was for the interest of the defendant to acquiesce. And so he and his learned counsel manifestly thought. The question therefore, is, whether after such acquiescence, he is entitled to assign the fact as error.

In England it seems now to be settled that duplicity after verdict is no ground for a writ of error, and there seems to be no authority holding that it can be made the subject of a motion in arrest of judgment: 1 Bish. Cr. Pr., sec. 443. And the great weight of American authority is that the defendant cannot avail himself of the duplicity after verdict: *Id*. In this State it has been held in one case that the objection of duplicity comes too late after verdict of conviction for a misdemeanor, and cannot be made the subject of a motion in arrest of judgment: *State* v. *Brown*, 8 Hum., 89. In another case, it was said that in felonies duplicity might "most probably" be

taken advantage of by motion in arrest of judgment,. but the point was expressly reserved, not being directly presented: *State* v. *Williams*, 10 Hum., 101. In. a later case of felony, where the duplicity appeared on the face of the indictment, the court, after quoting the language used in the case last cited, held that the defendant by going to trial on the indictment "clearly waived all objection to it": *Scruggs* v. *State*,. 7 Baxt., 38. In a still later case, where the duplicity appeared on the face of the indictment, the motion, in arrest was sustained: *Morton* v. *State*, 1 Lea, 498.

In the case now before us the indictment is good upon its face, and therefore the motion in arrest of judgment is of no avail. That motion reaches only defects on the face of the record, and no others. It does not reach matters appearing only in the evidence on the trial: 1 Bish. Cr. Pr., see. 1285. And the question is whether we shall reverse upon a circumstance developed by the evidence which would not be error at common law, upon which no objection was made in the court below, and by which we cannot see that the defendant was prejudiced in his defense. We are of opinion that no sufficient reason appears. for interference with the judgment upon this ground.

Error is assigned on the charge of the court in relation to insanity, but the charge is almost in the exact language which, although brief, was held sufficient in *Stuart* v. *State*, 1 Baxt., 178. And besides, there was not a particle of proof tending to show the existence of any form of insanity. The witnesses who depose on the subject speak of the prisoner as

having good ordinary natural sense but extremely ignorant. The ignoble motive to this hideous tragedy seems to have been to get rid of a bed-ridden grandfather and a petulant mother.

By the Code, sec. 5257, where any person is convicted of a capital offense, and the jury who convicted him state in their verdict that they are of opinion that there are mitigating circumstances, the court may commute the punishment from death to imprisonment for life in the penitentiary. The opinion of the jury, even when unqualified is not binding on the court: *Lewis* v. *State*, 3 Head, 127. But the opinion is of course entitled to grave consideration: *Poe* v. *State*, 10 Lea, 673. In this case the jury have only found that there were "possibly mitigating circumstances." The recommendation in that form is attempted to be supplemented by one of the jurors, who says that ten of the jurors were for the verdict returned "with some mitigation," while the other two were for the same verdict "with possibly mitigating circumstances;" that all agreed to the verdict reported, a part of the ten believing that the court would not receive it, and that the jury would be remanded for further consideration of the case, in which event, the other two jurors seemed to think that the jury would agree to the verdict "with mitigating circumstances." The affidavit, it will be noticed, so far as it undertakes to state facts, does nothing more than the verdict itself. For the words "with some mitigation" are only equivalent to the words actually used. And where the affidavit speaks of what a part of the jury believed

would occur, or two of them thought might happen, it amounts at most only to the expression of an opinion, and is not entitled to any consideration. There are no mitigating circumstances in the case, and there being no error in the proceedings, the judgment must be affirmed.